UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SHAUN RUSHING, a.k.a., BILBO GRANT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:21-cv-01104-SEP |
| ) | |
| STATE OF MISSOURI, ) | |
| ) | |
| Defendant. ) | |

### MEMORANDUM AND ORDER

Before the Court is Plaintiff's Motion for Leave to Proceed *In Forma Pauperis*. Doc. 2. Having reviewed Plaintiff's financial situation, the Motion is granted. Further, after review of the Complaint pursuant to 28 U.S.C. § 1915(e)(2), for the reasons set forth below, this action is dismissed without prejudice.

### LEGAL STANDARD ON INITIAL REVIEW

Under 28 U.S.C. § 1915(e)(2), the Court must dismiss a complaint filed *in forma pauperis* if it is frivolous or malicious, or if it fails to state a claim upon which relief can be granted. To state a claim under 42 U.S.C. § 1983, a plaintiff must put forth a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016); *see also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372-73 (8th Cir. 2016) (court must accept factual allegations in complaint as true but is not required to "accept as true any legal conclusion couched as a factual allegation").

When reviewing a *pro se* complaint under 28 U.S.C. § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal

construction" means that, if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even *pro se* plaintiffs are required to allege facts that, taken as true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). They are also required to comply with procedural rules. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

## THE COMPLAINT[1]

The Court construes Plaintiff's *pro se* Complaint as bringing claims under 42 U.S.C. § 1983. The handwritten Complaint, which is not on a Court-provided form, names the State of Missouri as the sole Defendant. It alleges that Plaintiff "was discriminated against by the Missouri Department of Corrections" at the "Honor Center," a place for individuals who are going to be, or who have been, on parole. Doc. 1 at 1. While at the Honor Center, Plaintiff worked and "saved a lot of money"; however, at some point, he was "not able to make it back on time from a [furlough]." Because of that, Plaintiff alleges, money and clothing were taken from him. Plaintiff therefore seeks $110,000 in damages, along with "clothing" and "insurance."

## DISCUSSION

Upon review of the Complaint pursuant to 28 U.S.C. § 1915, the Court finds that this action is subject to dismissal for two reasons.

First, § 1983 does not allow claims against states. Section 1983 "provides for an action against a 'person' for a violation, under color of law, of another's civil rights." *McLean v. Gordon*, 548 F.3d 613, 618 (8th Cir. 2008). But "neither a State nor its officials acting in their official capacity are 'persons' under § 1983." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). Because the State of Missouri is not a"person" under § 1983, Plaintiff's § 1983 claim against the State fails as a matter of law and must be dismissed.

Second, Plaintiff's claim is barred by the doctrine of sovereign immunity. "Sovereign immunity is the privilege of the sovereign not to be sued without its consent." *Va. Office for Prot. & Advocacy v. Stewart*, 563 U.S. 247, 253 (2011). The Eleventh Amendment confers sovereign immunity on an un-consenting state from lawsuits brought in federal court by its own citizens or the citizens of another state. *Edelman v. Jordan*, 415 U.S. 651, 662-63 (1974*); see*

---

[1] For the purpose of this Motion, the Court assumes that the factual allegations in the Complaint are true. *Neitzke v. Williams,* 490 U.S. 319, 326-27 (1989).

2

*also* Webb v. City of Maplewood, 889 F.3d 483, 485 (8th Cir. 2018) ("The Eleventh Amendment protects States and their arms and instrumentalities from suit in federal court[.]"). Moreover, the Eleventh Amendment bars suit against a state or its agencies for any kind of relief, not merely monetary damages. *Monroe v. Arkansas State Univ.*, 495 F.3d 591, 594 (8th Cir. 2007) (district court erred in allowing plaintiff to proceed against state university for injunctive relief, and remanding matter to district court for dismissal).

There are two well-established exceptions to the sovereign immunity provided by the Eleventh Amendment: "where Congress has statutorily abrogated such immunity by clear and unmistakable language," and where a state has waived its immunity in federal court. *Barnes v. State of Missouri*, 960 F.2d 63, 64-65 (8th Cir. 1992). A state will be found to have waived its immunity "only where stated by the most express language or by such overwhelming implications from the text as will leave no room for any other reasonable construction." *Welch v. Tex. Dep't of Highways & Pub. Transp.*, 483 U.S. 468, 473 (1987).

Neither exception is applicable in this case. The Supreme Court has determined that § 1983 does not revoke a state's Eleventh Amendment immunity. *See Will*, 491 U.S. at 66 ("We cannot conclude that § 1983 was intended to disregard the well-established immunity of a State from being sued without its consent."). Thus, Congress has not abrogated the states' right to sovereign immunity in § 1983 actions. Neither has the State of Missouri waived its immunity in this type of case. *See* Mo. Rev. Stat. § 537.600.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Leave to *Proceed In Forma Pauperis* (Doc. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** without prejudice. *See* 28 U.S.C. § 1915(e)(2)(B). A separate Order of Dismissal will be entered herewith.

**IT IS FINALLY ORDERED** that an appeal from this dismissal would not be taken in good faith.

Dated this 23rd day of February, 2022.

SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE